UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL HOWARD,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 5:21-cv-00087-MHH |
| } | |
| **MARTIN O'MALLEY,** } | |
| **Commissioner of Social Security,**[1] } | |
| } | |
| **Defendant.** | |

## **MEMORANDUM OPINION**

On January 20, 2021, Michael Howard filed a complaint against the Commissioner of Social Security. (Doc. 1). In his complaint, Mr. Howard asks the Court to review the SSA's denial of his application for Social Security benefits. (Doc. 1, pp. 1-2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Commissioner has asked the Court to dismiss Mr. Howard's complaint as untimely. (Doc. 8, p. 2).[2] Mr. Howard opposes the Commissioner's motion to

---

[1] On December 20, 2023, Martin O'Malley was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Commissioner O'Malley as the defendant in this action. See Fed. R. Civ. P. 25(d) (Although the public officer's "successor is automatically substituted as a party" when the predecessor no longer holds officer, the "court may order substitution at any time. . . .").

[2] In the alternative, the Commissioner asks the Court to treat the motion as one for summary judgment under Rule 56. (Doc. 8, p. 1). The Commissioner attached to his motion to dismiss the

1

dismiss; he contends that his complaint is timely because the United States District Court for the Northern District of Alabama's March 17, 2020 General Order stayed the filing deadline for his complaint. (Doc. 16, pp. 1-2). Mr. Howard also argues that if the Court finds his complaint untimely, the Court should apply equitable tolling. (Doc. 16, p. 2). For the reasons discussed below, Mr. Howard's complaint is untimely, and equitable tolling does not apply under the circumstances of this case.

To seek judicial review of an SSA decision denying disability benefits under 42 U.S.C. § 405(g), a plaintiff must file an action in federal district court, typically within 60 days of receipt of an adverse decision by the SSA Appeals Council. 42 U.S.C. § 405(g). The SSA has explained that a plaintiff must file a federal complaint:

> within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the

---

declaration of Richard C. Davis, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations. (Doc. 8-1). Mr. Davis attached as exhibits to his declaration portions of the administrative record for Mr. Howard's Social Security case. (Doc. 8-1, pp. 5-25). The Court may consider the administrative records without converting the Commissioner's motion to dismiss into a motion for summary judgment because the administrative records are central to Mr. Howard's claim and undisputed, and Mr. Howard referred to the records in his complaint. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that a court may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment if the document is central to the plaintiffs claim and undisputed). Additionally, a district court may take judicial notice of government documents at the motion to dismiss stage. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (stating that district court properly considered judicially noticed documents for purposes of a Rule 12(b)(6) motion); *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) ("Indeed, it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice.").

> Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). After the 60-day statute of limitations expires, absent extenuating circumstances, the decision of the administrative law judge—the ALJ—becomes final. 42 U.S.C. § 1383(c)(3).

Here, on November 10, 2020, the Appeals Council notified Mr. Howard that it would not review the ALJ's decision. (Doc. 8-1, p. 21). The Appeals Council informed Mr. Howard that he had 60 days from the date of the notice to seek judicial review, that the Appeals Council presumed that he received the notice five days after the date on the notice unless he could show otherwise, and that he could request from the Appeals Council an extension of time to seek judicial review. (Doc. 8-1, pp. 4, 22). Mr. Howard's deadline to file a federal complaint was January 14, 2021, 65 days after the Appeals Council's November 10, 2020 notice. The Appeals Council did not receive a request for extension of the 60-day period for filing a complaint in federal court, (Doc. 8-1, p. 4), and Mr. Howard did not file this action until January 20, 2021, six days after the deadline, (Doc. 1, p. 1).

As noted, Mr. Howard contends that his complaint was timely under the Northern District of Alabama's March 17, 2020 General Order. (Doc. 16, p. 2). Mr. Howard's reliance on the March 17, 2020 General Order to stay the statute of

limitations to file this action is misplaced. The Court issued the March 2020 General Order to "protect public health…within the district courthouses" during the COVID-19 pandemic. ALND General Order, March 17, 2020.[3] In the "Discovery Deadlines and Depositions" section of the General Order, the Court stayed all "unexpired deadlines and briefing schedules" because the COVID pandemic might "impact attorneys' ability to comply with certain deadlines, such as the production of documents, the filings of briefs, and depositions." ALND General Order, March 17, 2020, p. 2 § 6. An April 13, 2020 General Order extended the stay on discovery and briefing deadlines to April 30, 2020. ALND General Order No. 2020-04, April 13, 2020, p. 1. The March 17, 2020 and April 13, 2020 General Orders state that the orders "**d[id] not** toll or otherwise affect the applicability of any statutory or rules-based requirements or deadlines, including . . . statutes of limitation and deadlines for filing appeal." ALND General Order, March 17, 2020, p. 2 § 7 (bold in COVID general order); ALND General Order No. 2020-04, April 13, 2020, p. 2 § 3 (bold in COVID general order). Additionally, on April 30, 2020, more than eight months before Mr. Howard's January 14, 2021 deadline to file a complaint in federal court, the Court issued another General Order that ended the "stay of the unexpired deadlines and briefing schedules in civil cases." *See* ALND General Order No.

---

[3] A copy of the Court's General Orders can be found at https://www.alnd.uscourts.gov under the "Local Rules and Orders" tab.

2020-06, April 30, 2020.  For these reasons, the March 17 and April 13, 2020 General Orders did not stay Mr. Howard's January 14, 2021 statutory deadline to file this action.

Equitable tolling does not save Mr. Howard's complaint.  (Doc. 16, p. 2).  A district court may equitably toll a deadline when a party shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).  Mr. Howard has not shown that he diligently pursued his rights before his statutory deadline expired or that an extraordinary circumstance prevented him from filing his complaint on time.

Mr. Howard has not shown that he requested an extension of time from the Appeals Council to file his complaint or that he exercised diligence in preserving his right to file his action in federal district court before the January 14, 2021 statutory deadline.  Mr. Howard argues that after he filed the complaint in this case on January 20, 2021, an attorney previously associated with Mr. Howard's attorney "called the clerk in light of the confusion and upheaval occurring in response to the COVID-19 Pandemic . . . and was given assurances not to worry, suggesting that the filing would not be considered late." (Doc. 16 p. 2).  Even so, Mr. Howard must show "some affirmative misconduct" by the clerk that caused the statutory period to lapse.  *See*

5

*Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (citing *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005)). In *Jackson*, the Eleventh Circuit did not apply equitable tolling even though Ms. Jackson alleged that a clerk had "misled" her by allowing her case to be processed in the wrong jurisdiction without objection, giving Ms. Jackson the "impression that she had filed her claim in a court of competent jurisdiction when in fact she had not." *Jackson*, 506 F.3d at 1356. The Court of Appeals found that Ms. Jackson did not demonstrate that "the county court clerk prevented her in some extraordinary way from timely filing her § 405(g) complaint." *Jackson*, 506 F.3d at 1357.

Mr. Howard's arguments, like those in *Jackson*, are based on an attorney's "impression" that a filing was timely but not on affirmative misconduct by the clerk. The record does not suggest that the clerk's alleged "assurances" prevented Mr. Howard from timely his complaint on time or that the assurances caused Mr. Howard to file his complaint after the 60-day statutory deadline.

The Court is not indifferent to hardships associated with by the pandemic, but Mr. Howard has not identified circumstances that warrant the extraordinary remedy of equitable tolling. As the Supreme Court has instructed, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). The Supreme

6

Court has stated that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Accordingly, the Commissioner has established that Mr. Howard's complaint is untimely. By separate order, the Court will dismiss this action.

**DONE** and **ORDERED** this March 28, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE